NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-CV-389-KKC

RAYMOND TAYLOR                                                                                                PLAINTIFF

VS:                          **MEMORANDUM OPINION AND ORDER**

UNITED STATES of AMERICA                                                                         DEFENDANT

\*\*\* \*\*\* \*\*\* \*\*\*

Raymond Taylor, an individual currently confined in the United States Penitentiary-Big Sandy in Inez, Kentucky, has filed yet another *pro se* complaint against the United States, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2671, *et. seq.*,[1] together with a motion to proceed *in forma pauperis*. The complaint is now before the Court for initial screening. 28 U.S.C. §1915A; 28 U.S.C. §1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

The motion will be denied and the complaint will be dismissed for the reasons explained below.

LITIGATION BACKGROUND

In one year, between February of 2005 and February of 2006, Raymond Taylor filed a total of six (6) *pro se* civil actions in this Court, Pikeville Division, each complaint being accompanied with a motion to proceed *in forma pauperis*. In addition to the instant proceeding, the other five

---

[1] *See Taylor v. United States*, 05-396-DLB, *Taylor v. United States*, 06-CV-29-DLB, and *Taylor v. United States*, 06-CV-032-KKC, all of these actions being dismissed, *sua sponte*, upon screening. As the Court has explained therein, the FTCA governs circumstances under which the U.S. government consents to tort actions, those being cases: "for money damages,...for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment...." 28 U.S.C. §1346(b). In the case *sub judice*, however, the plaintiff does not even use the word "negligence" in describing BOP staff's actions herein; rather, he complains of only a deliberate act by BOP staff.

cases were *Taylor v. Federal Bureau of Prisons*, 05-CV-41-KKC; *Taylor v. United States*, 05-CV-396-DLB; *Taylor v. United States*, 06-CV-016-KKC; *Taylor v. United States*, 06-032-KKC; and *Taylor v. United States*, 06-CV-029-DLB.

Today is the sixth screening of a *Taylor* complaint.  Five of the plaintiff's six listed causes of action have already been dismissed, *sua sponte*, upon screening:

> *Taylor v. Federal Bureau of Prisons*, 05-CV-41-KKC, filed February 14, 2005, was dismissed on April 26, 2005 [Record No. 4] for the plaintiff's failure to state a claim upon which relief may be granted under the United States Privacy Act, 5 U.S.C. §552a, *et seq*.
>
> *Taylor v. United States*, 05-CV-396-DLB, filed on December 12, 2005, was another case purportedly under the FTCA, the plaintiff challenging staff negligence in a disciplinary proceeding, which resulted in Taylor's suffering "mental anguish."  It was dismissed under 42 U.S.C. §1997e(e).  An appeal was later dismissed for the plaintiff's failure to pay the appellate fee or move for pauper status.
>
> *Taylor v. United States*, 06-CV-016-KKC, filed January 19, 2006, under the Freedom of Information Act ("FOIA"), was also summarily dismissed, the Memorandum Opinion and Order of March 30, 2006, stating that the dismissal was for the plaintiff's failure to state a claim.  Record No. 4.
>
> *Taylor v. United States*, 06-CV-032-KKC, filed February 3, 2006, was also brought under the FTCA.  Because this was the fourth filing, the previous ones had all been dismissed for failure to state a claim, and the plaintiff did not allege that he was in imminent danger of serious physical injury, the action was dismissed under 28 U.S.C. §1915(g), on April 13, 2006.
>
> *Taylor v. United States*, 06-CV-029-DLB, filed January 13, 2006, was one of this other FTCA actions.  Like 06-CV-032-KKC, it, too, was dismissed on April 13, 2006, pursuant to 28 U.S.C. §1915(g).  Record Nos. 3-4.

## CLAIMS

The plaintiff complains herein that Bureau of Prisons ("BOP") staff deducted funds from his inmate account without his consent and in contravention of BOP policy.

2

FACTUAL ALLEGATIONS

The plaintiff has submitted a handwritten complaint, claiming the jurisdiction of this Court under the FTCA, and he has attached a copy of the BOP's November 3, 2005 letter, denying his FTCA administrative claim for $3,000.00.

The plaintiff claimed in the administrative action and alleges herein that on February 14, 2005, he filed a lawsuit, pursuant to the Privacy Act, together with a motion to proceed *in forma pauperis* in this Court. As the above paragraphs reveal, this action was *Taylor v. Federal Bureau of Prisons*, 05-CV-41-KKC, which was dismissed, *sua sponte*, on April 26, 2005. The plaintiff complains, and the docket of this Court confirms, that on that same date, the undersigned granted Taylor's motion to proceed *in forma pauperis*; directed that the plaintiff pay an initial amount of $7.64 as a partial filing fee; and instructed his custodians to deduct the remainder of the $250.00 filing fee from the plaintiff's inmate account in monthly installments until it is paid in full.

The plaintiff claims that he wanted to challenge the amount of the filing fee and that it was his duty, not the BOP's, to deal with his debts. Regardless, on May 10, 2005, BOP staff, without his permission, deducted the initial partial filing fee of $7.64, which this Court ordered, from the plaintiff's inmate account, rather than leaving it to him to do. The plaintiff's statement of inmate account, submitted in support of his motion to proceed *in forma pauperis* herein, confirms the May 10th deduction of $7.64. Record No. 2.

Having exhausted the FTCA administrative process, the plaintiff herein asks that the Court void the BOP's authority to deduct sums from his account to pay the rest of the filing fee in No. 05-CV-389-KKK, until he has the opportunity to inquire into the issue of the correct amount of the district court fee in February of 2005--whether it was $150 or $250. Additionally, Taylor continues

to seek $3,000 in damages.

## DISCUSSION

This is the sixth of Taylor's lawsuits to be screened in this Court. It is also the sixth one which will be summarily dismissed. As the plaintiff was informed by the undersigned in No. 06-CV-032-KKC, he has exceeded the number of frivolous lawsuits which the United States Congress permits prisoners to bring in federal courts. Record No. 3. As part of the Prison Litigation Reform Act of 1995 ("PLRA"), Congress provided for the payment of the filing fees of prisoners in an initial partial amount toward the fee and subsequent installment payments until the fee is paid in full. 28 U.S.C. §1915(b). In another provision, the legislature imposed a limit to frequent prisoner-plaintiff filings:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). The foregoing list of cases demonstrates that, while incarcerated,[2] Raymond Taylor has filed at least three prior civil cases which were dismissed as frivolous or for failure to state a claim.

Accordingly, pursuant to 28 U.S.C. §1915(g), this plaintiff's right to proceed *in forma pauperis* is suspended until and unless the prisoner "is under imminent danger of serious physical injury." In the present case, the plaintiff has not alleged any imminent danger to his health or life;

---

[2] The plaintiff claims to have been incarcerated for 18 years. The Court's database reveals 290 civil cases brought by someone named Raymond Taylor in other federal courts. It is not necessary to inquire into which of them were filed by this Raymond Taylor, however, since the instant plaintiff has filed three cases which have been dismissed for failure to state a claim in this Court alone.

nor would the facts described in his complaint permit such an assertion, as the instant matter is purely a financial one. Accordingly, Plaintiff Taylor's complaint must be dismissed without prejudice under 28 U.S.C. §1915(g).

## CONCLUSION

In light of the foregoing, **IT IS HEREBY ORDERED** as follows:

(1) Plaintiff Taylor's motion to proceed *in forma pauperis* [Record No. 2] is **DENIED**.

(2) The instant action is **DISMISSED**, *sua sponte*, without prejudice, and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the United States of America.

Dated this 27th day of April, 2006.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge